## S. P. MARTIN v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 11, 1910.

Nos. 16,322, 16,323—(72, 73).

**Pleading — Presumption on Appeal.**

On appeal from an order overruling a demurrer, the pleading is to be construed as favorably as reasonably may be. The presumptions are in its favor.

**Same — Construction of Answer.**

An answer under the so-called railroad demurrage law is here construed to state facts as to an exception from liability within the terms of the law which entitled the defendant to go to trial.

Action in the district court for Hennepin county under Laws 1907, c. 23, to recover $64 for delay in furnishing cars for the shipment of freight and an attorney's fee of $25 for each cause of action al-

[1] Reported in 124 N. W. 825.

leged. ·The complaint alleged that the delay was not caused ·on ac-
count of any strike, public calamity or accident, or by any cause not
within the power of defendant to prevent. ·The substance of .the
answer to the second cause of action is stated in the opinion. ·From
an order overruling the demurrer of the defendant to the first cause
of action, Charles L. Smith, J., defendant appealed. From an order
overruling the demurrer to the defendant's answer to the second cause
of action, plaintiff appealed. Affirmed on both appeals.

*James A. Peterson* and *Paul J. Thompson,* for plaintiff.

*Brown, Albert & Guesmer,* for defendant.

JAGGARD, J.

In these cases the rulings of the court below on the two demurrers
interposed by each party to the other's pleading, held, first, that the
reciprocal demurrage law is constitutional; second, that the answer
states facts which bring the defendant's failure to furnish cars in this
case within one of the exceptions to the act. The defendant is an
appellant as to the question of the constitutionality of the act, and
the plaintiff is appellant as regards the proper construction of the
exception to the law.

The so-called railroad demurrage law was held to be constitutional
in Hardwick Farmers' Elevator Co. v. Chicago, Rock Island & Pac.
Ry. Co., supra, page 25, 124 N. W. 819. The order of the trial
court from which .defendant appeals must, in accordance therewith,
be affirmed.

The undetermined controversy in this case concerns the holding
by the trial court that the allegations of the defendant's answer
brought the case within the exceptions of the act, and that defendant
was entitled to go to trial thereon. As .construed, the exceptions to
liability under the law include generally all causes of delay not reason-
ably within the power of the carrier to prevent. More specifically,
their enumeration includes all the grounds set forth in Houston &
Texas. Central R. Co. v. Mayes, 201 U. S. 321, 26 Sup. Ct. 491, 50
L. Ed. 772. It was said therein:.

"While there is much to be said in favor of laws compelling rail-
roads to furnish adequate facilities for the transportation of both

freight and passengers, and to regulate the general subject of speed, length, and frequency of stops, for the heating, lighting, and ventilation of passenger cars, the furnishing of food and water to cattle and other live stock, we think an absolute requirement that a railroad shall furnish a certain number of cars at a specified day, regardless of every other consideration except strikes and other public calamities, transcends the police power of the state, and amounts to a burden upon interstate commerce. It makes no exceptions in cases of a sudden congestion of traffic, an actual inability to furnish cars by reason of their temporary and unavoidable detention in other states or in other places within the same state. It makes no allowance for interference of traffic occasioned by wrecks or other accidents upon the same or other roads, involving a detention of traffic, the breaking of bridges, accidental fires, washouts, or other unavoidable consequences of heavy weather."

We think that the answer alleges facts sufficient to bring this case within the exceptions to the rule. It sets forth, in effect, that defendant had a large amount of equipment unused during all the period of ordinary business; that in the fall there is an unusually heavy traffic; that at the time of plaintiff's application for cars the demand for cars was exceptional, because of the large crop of wheat and the heavy shipment of coal from Duluth; that defendant had equitably apportioned its equipment, so that every portion of its lines and each district of its territory had its fair, proper, and just share thereof; and that plaintiff was furnished cars at the earliest dates at which defendant could furnish them, consistent with its duty to serve all applicants equally and fairly.

There is justice in plaintiff's insistence that "the whole force of the law is taken away if the law cannot compel a railway company to take care of heavy traffic. When the traffic is not heavy there is no use for the law. When the traffic is heavy, according to the defendant's contention, the law doesn't work. It is idle to presume that the legislature intended to bring about any such result as this, or that such is a reasonable interpretation of the law. If this particular month had been a heavy season of traffic by reason of some unexpected shipment which the carrier could not have foreseen, it might be that

this would prove an excuse; but the answer on its face shows that: the defendant could have foreseen that this was a period calling for more cars, and therefore it should not be excused."

We are inclined to accept this general view; but we think the answer sets forth an unexpected condition which the carrier could not reasonably have foreseen. It is to be remembered that the question arises upon demurrer to the pleadings. The rule is familiar, and there have been many recent occasions to emphasize it, that the pleading which is demurred to is to be construed as favorably to its pleader as reasonably may be. All presumptions are with it. Appeals from orders ruling on demurrers are not favored. As so construed, the answer in this case does not show that defendant should have foreseen the congestion of traffic. It states materially more than merely that these three months in the fall of each year were periods of especially heavy traffic. It claims that at this time there was exceptionally heavy traffic, due to an unusually heavy shipment of a large crop and the coal. Substantially in accordance with plaintiff's own view, the order of the trial court must be, and it is, hereby affirmed.

Orders affirmed.